IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GILBERTO RODRIGUEZ-TORRES,<br><br>Defendant. | CRIMINAL NO. 06-344 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Gilberto Rodríguez-Torres was charged in Count Three of a three (3) counts Indictment and he agreed to plea guilty to Count Three. Count Three charges that on or about October 25, 2006, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, a person currently under indictment; did knowingly and unlawfully possess firearms and ammunition, as that term is defined in Title 18, United States Code, Section 921(a)(3) and 921(17)(A), to wit: a Smith & Wesson 9 mm caliber pistol, bearing manufacturer's serial number PAY7632, loaded with ten (10) rounds of live ammunition, a Smith & Wesson .357 caliber revolver, bearing manufacturer's serial number BKC7571, loaded with six (6) rounds of live ammunition; a Ruger 9 millimeter caliber pistol, bearing manufacturer's serial number 300-88789, loaded with a twenty six (26) rounds of live ammunition; a Smith & Wesson .357 caliber revolver, bearing manufacturer's serial number 75K4978, loaded with six (6) rounds of live ammunition, which firearms and ammunition had been shipped or transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Section 922(n).

<u>United States of America v. Gilberto Rodríguez-Torres</u>
Report and Recommendation
Criminal No. 06-344(JAG)
Page No. 2

Defendant appeared before this Magistrate Judge on May 16, 2007, since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count Three of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in Count Three he was examined and verified as being correct that:  he had consulted with his counsel, Attorney Rafael Anglada-López, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and charges therein, his constitutional rights and the consequences of the waiver of same.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) and (B) FRCP)" (the Agreement) was shown to defendant, verifying his initials on every page and his signature.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty. The penalty for the offense as to Count Three, as charged, is a term of imprisonment of not more than five (5) years, a fine not to exceed two hundred fifty thousand ($250,000.00) dollars, and a term of supervised release of not more than one (1) year, in addition to the term of incarceration, and a mandatory penalty assessment of one hundred dollars ($100.00), per count.

Pursuant to said Agreement, and insofar as Count Three, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

<u>United States of America v. Gilberto Rodríguez-Torres</u>
Report and Recommendation
Criminal No. 06-344(JAG)
Page No. 5

The above-captioned parties' estimate and agreement appear on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable Sentencing Guidelines, were further elaborated and explained. The Base Offense Level is of Fourteen (14) pursuant to U.S.S.G. § 2K2.1(a)(6). Pursuant to U.S.S.G. § 3E1.1, the base offense level shall be reduced by two (2) levels for acceptance of responsibility. Accordingly, the Total Base Offense Level would be Twelve (12) with an imprisonment range of ten (10) to sixteen (16) months.

As stated in paragraph seven (7d) of the Agreement, the parties agree to recommend to the Court a sentence at the lower end of the applicable guideline, that is the lower end of a Total Offense Level of twelve (12).

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged

<u>United States of America v. Gilberto Rodríguez-Torres</u>
Report and Recommendation
Criminal No. 06-344(JAG)
Page No. 6

the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was able to understand the explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Plea Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the plea agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes paragraph seventeen (17) for a waiver of appeal.

<u>United States of America v. Gilberto Rodríguez-Torres</u>
Report and Recommendation
Criminal No. 06-344(JAG)
Page No. 7

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Three was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count Three of the Indictment in Criminal No. 06-344 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Three of the Indictment in Criminal No. 06-344 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be held on August 17, 2007 at 10:30 a.m., before Honorable Jay A. García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 24th day of May of 2007.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE